**In re Veita McCoy CLARK, Debtor.**

**Veita McCoy Clark, Plaintiff,**

**v.**

**GMAC Mortgage Corp., et al., Defendants.**

**Civ. No. JFM–02–1120.**

United States District Court, D. Maryland.

July 23, 2002.

James Brewster Hopewell, Riverdale, MD, for appellant.

Mark S. Devan, Covahey, Boozer, Devan & Dore, Towson, MD, for appellee.

## MEMORANDUM

MOTZ, District Judge.

Debtor, Veita McCoy Clark, appeals from an order entered by the Bankruptcy Court granting summary judgment in favor of GMAC Mortgage Corporation. The effect of the Bankruptcy Court's order was to permit GMAC to foreclose on real property located at 6314 Ager Road, Hyattsville, Maryland, in which debtor resided with her husband.[1]

Mrs. Clark had no recorded interest in the subject property. When the Clarks sought to purchase the house and applied for financing, their joint application was rejected because of Mrs. Clark's poor credit history. Mr. Clark then applied on his own for financing, and his application was approved. Mrs. Clark contends that despite the fact that she is not a record owner of the property, she has a legally enforceable interest in it because she contributed to the mortgage payments out of her earnings and because she and her husband agreed that the property was their marital home, which they would jointly occupy. If Mrs. Clark does have a legally enforceable interest in the property, GMAC's foreclosure violates the automatic stay provision of 11 U.S.C. § 362(a)(1).

## I.

GMAC argues that the agreement between the Clarks is unenforceable because it was not in writing as required by the statute of frauds. According to Mrs. Clark, the statute of frauds does not bar the enforcement of her interest in the property because the agreement between Mr. Clark and herself was partly performed.

■ Before addressing the part performance issue, I must consider another issue not raised by Mrs. Clark: whether GMAC may rely upon the statute of frauds at all. The Maryland Court of Appeals has stated that "it is generally accepted that third parties cannot assert the Statute of Frauds as a defense to an action against them by the direct parties to a contract." *Chapman v. Ford*, 246 Md. 42, 227 A.2d 26, 31 (1967). A literal reading of this pronouncement would prevent GMAC from invoking the statute. However, the rule articulated by the Court of Appeals has arisen in contexts where the failure of the parties to an agreement to comply with the statute of frauds has not affected the third party's conduct. For example, if a third party were to tortiously interfere with a contract between two other persons, he could not assert the defense that the statute of frauds rendered the contract unenforceable. *See, e.g., Cumberland Glass*

---

1. GMAC has filed a motion to strike additional issues. The motion is denied.

*Mfg. Co. v. DeWitt,* 120 Md. 381, 87 A. 927, 930 (1913). Likewise, if an insurer were to issue a policy covering certain property, the insurer could not defend against a claim under the policy on the ground that the contract conveying the property to the insured was unenforceable under the statute. *See, e.g., Commercial Union Ins. Co. of N.Y. v. Padrick Chevrolet Co.,* 196 So.2d 235, 237 (Fla.Dist.Ct.App.1967).

■ Here, the circumstances are quite different. In providing financing to Mr. Clark, GMAC had relied upon the fact that he was the record owner of the subject property. Indeed, GMAC had previously rejected a joint application for financing because of Mrs. Clark's poor credit history. Thus, Mr. and Mrs. Clark's failure to comply with the statute of frauds did affect GMAC's conduct, and GMAC's rights (derived from its good faith understanding that Mr. Clark alone owned the subject property) would be adversely affected by holding the statute not to apply. In this context, the rule cited by the court in *Chapman* that a third party cannot assert the statute as a defense is trumped by the more fundamental principle, likewise cited in *Chapman,* that the statute "is a shield, not a sword." Therefore, it can be invoked by a third party to protect itself from a fraud. 227 A.2d at 31.

■ Ms. Clark's part performance argument fails for the same reason. In *Chapman* the court concluded that "parties to an agreement should not be able to assert its technical unenforceability as a defense to a suit by a third party." 227 A.2d at 32. By the same token, parties to an unwritten but partly performed agreement may not assert the agreement's technical enforceability as a defense to a suit by a third party whose conduct is affected by that agreement. Otherwise, a person who has obtained financing based upon his record ownership of collateralized property could defeat his creditor's rights by an undocumented conveyance to another, thereby creating a gross inequity and bringing chaos to lending transactions. *Cf. Friedman & Fuller, P.C. v. Funkhouser,* 107 Md.App. 91, 666 A.2d 1298, 1306 (Ct. Spec.App.1995) ("[A] remedy is available on an oral contract within the Statute based upon part performance if the facts present a case for equitable relief.")

II.

■ The Bankruptcy Court also properly ruled that the doctrine of constructive trust is not applicable here. Mr. Clark did not employ fraud, misrepresentation or other improper method to gain complete ownership of the property, nor do the circumstances render it inequitable for him to have retained it. *See Wimmer v. Wimmer,* 287 Md. 663, 414 A.2d 1254, 1257–58 (1980).

A separate order affirming the Bankruptcy Court's ruling is being entered herewith.

ORDER

For the reasons stated in the accompanying memorandum, it is, this 23rd day of July 2002

ORDERED that the order entered by the Bankruptcy Court on March 6, 2002, granting the motion for summary judgment filed by GMAC Mortgage Corporation is affirmed.